## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

KENNETH J. FLETCHER,

        Plaintiff,

    vs.                                Civil Action 2:09-CV-1130
                                              Judge Graham
                                              Magistrate Judge King

WARDEN MICHAEL D. SHEETS,
*et al.,*

        Defendants.

### ORDER and
### REPORT AND RECOMMENDATION

This matter is before the Court for the initial screen of the complaint required by 28 U.S.C. §1915A. Having reviewed the *Complaint*, the Court concludes that, at this juncture, the case can proceed on plaintiff's claims under the Eighth Amendment as against defendants in their individual capacities. The Court expresses no opinion on the issue of exhaustion as required by 42 U.S.C. §1997e(a).

However, the Court lacks jurisdiction, by operation of the Eleventh Amendment to the United States Constitution over all plaintiff's claims against the defendant state institution and plaintiff's claims for monetary damages against defendants in their official capacity. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 72-74 (1989) *citing Brandon v. Holt,* 469 U.S. 464, 471 (1985). Moreover, plaintiff's supplemental state law claims cannot proceed unless and until the Ohio Court of Claims has determined that the state officials are not entitled to civil immunity under O.R.C. §9.86. *See Leaman v. Ohio Dept. of Mental Retardation & Development Disabilities,* 825 F.2d 946, 952-53 (6th Cir. 1987).

It is therefore **RECOMMENDED** that plaintiff's claims against

the Ross Correctional Institution and defendants in their official capacities be **DISMISSED** for lack of jurisdiction and that plaintiff's state law claims be **DISMISSED** without prejudice to reassertion should the Ohio Court of Claims determine that the state officials are not entitled to immunity under state law.

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within fourteen (14) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).


December 18, 2009                    *s/Norah McCann King*
                                   Norah M<sup>c</sup>Cann King
                              United States Magistrate Judge