IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**KENNETH J. FLETCHER,**

   Plaintiff,

 vs.              Civil Action 2:09-CV-1130
                   Judge Graham
                   Magistrate Judge King

**WARDEN MICHAEL D. SHEETS,**
*et al.,*

   Defendants.


## OPINION AND ORDER

  Plaintiff, a state prisoner, alleges that, while incarcerated at the Ross Correctional Institution ("RCI"), defendants – employees of the Ohio Department of Rehabilitation and Correction and officers at RCI - subjected plaintiff to conditions that constituted cruel and unusual punishment, failed to protect plaintiff and failed to provide prescription medication.  On June 10, 2011, the United States Magistrate Judge issue a *Report and Recommendation* recommending that the partial motion to dismiss filed by defendants Michael D. Sheets, RCI Warden, and Marty Thornsbury, administrative assistant at RCI (collectively, "the moving defendants"), be granted in part and denied in part.  Doc. No. 59.  The parties have filed objections to the *Report and Recommendation*, Doc. Nos. 67 and 70.  This matter is now before the Court on these objections to that *Report and Recommendation*, which the Court will consider *de novo*.  28 U.S.C. §636(b).

**Plaintiff's Objections**

Plaintiff raises three objections to the *Report and Recommendation*. Doc. No. 67.[1] First, plaintiff objects to the Magistrate Judge's recommendation that Count 4 (unconstitutional custom or policy based on refusal to provide prescription medication) against Warden Sheets be dismissed because plaintiff failed to properly exhaust this claim, *i.e.*, because plaintiff failed to allege in his grievance that Warden Sheets "was personally and knowingly involved" or "personally and knowingly condoned" the alleged violations as required by Ohio Admin. Code § 5120-9-31(M). *Id*. at 1-4. Plaintiff specifically contends that the Magistrate Judge "incorrectly found" that this procedural requirement was a "critical procedural rule" that must be satisfied. *Id*. at 2-3. More specifically, plaintiff suggests that this requirement is not critical because, *inter alia*, "the administrative process was able to address [] the merits of Plaintiff's grievance, [and] the system was still able to function effectively [without plaintiff's compliance with Ohio Admin. Code § 5120-9-31(M)]." *Id*. at 3. Plaintiff further argues that restricting his claims because he failed to comply with this "non-critical procedural element" is contrary to public policy. *Id*. at 3-4.

This Court disagrees. Other than plaintiff's application of case authority from outside this circuit and his own self-interested reading of Ohio Admin. Code § 5120-9-31(M), he offers nothing to persuade this Court that the Magistrate Judge's conclusion was in

---

[1] Plaintiff does not object to the recommendation that the "John Doe" defendant be dismissed. Doc. No. 67.

error.  *See Report and Recommendation*, pp. 11-12.  Plaintiff's objection to the Magistrate Judge's recommendation in this regard is therefore without merit.

Plaintiff next objects to the Magistrate Judge's recommendation that Count 5 against Warden Sheets, which asserts a failure to train claim, be dismissed because plaintiff did not properly grieve this against Warden Sheets.  Doc. No. 67, pp. 4-5.  In the *Report and Recommendation*, the Magistrate Judge concluded that plaintiff's reference to "'unprofessional acts' [in his grievance] does not challenge any 'official' RCI training practice or policy and did not provide fair notice of such inadequate training claim as alleged in the *Amended Complaint*."  *Report and Recommendation*, p. 13.  Plaintiff argues that he was not required to "griev[e] legal issues with specificity" and that he "need not [] articulate any elements of the legal theory of failure to train."  Doc. No. 67, p. 5.  Plaintiff contends that the term "unprofessional acts" "was enough to provide adequate notice for administrative review."  *Id*.

Plaintiff misstates the Magistrate Judge's recommendation, which at no point suggested that plaintiff was required to articulate specific elements of the legal theory based on a failure to train.  *Report and Recommendation*, pp. 13-14.  Instead, the Magistrate Judge found that the phrase "unprofessional acts" simply did not give fair notice of plaintiff's claim.  *Id*.  This Court agrees.  *Cf. Pack v. Martin*, No. 04-2218, 174 Fed. Appx. 256, at *262 (6th Cir. Mar. 27, 2006) (citing *Burton v. Jones*, 321 F.3d 569, 575 (6th Cir. 2003)).  Plaintiff's second objection is therefore without merit.

Plaintiff's final objection relates to the Magistrate Judge's recommendation that Count 4 (unconstitutional custom or policy based on refusal to provide prescription medication) against defendant Thornsbury also be dismissed for failure to exhaust his administrative remedies. Doc. No. 67, pp. 6-7. In the *Report and Recommendation*, the Magistrate Judge specifically noted that the administrative procedure governing most inmate grievance consists of three steps. *Report and Recommendation*, p. 6 (citing Ohio Admin. Code § 5120-9-31(K)). This three-step procedure requires that, when grieving the actions of an individual other than a warden, plaintiff must first file an informal complaint with a direct supervisor, then appeal to the Inspector of Institutional Services and finally appeal to the Chief Inspector. *See* Ohio Admin. Code § 5120-9-31(K). However, as the Magistrate Judge also noted, grievances against a warden do not follow a three-step procedure, but instead may be filed directly with the office of Chief Inspector. *Report and Recommendation*, p. 7 (citing Ohio Admin. Code § 5120-9-31(M)). Against this background, the Magistrate Judge concluded that, as to the claims against defendant Thornsbury, who is not a warden, plaintiff was required to follow the three-step grievance procedure outlined in Ohio Admin. Code § 5120-9-31(K). *Id*. at 14-15. Rather than following this procedure, however, plaintiff bypassed the first two procedural steps and filed his grievances directly with the Chief Inspector. Plaintiff therefore failed to properly exhaust his claim against this non-warden defendant. *Id*.

In his objection, plaintiff does not dispute that he filed his

grievances directly with the Chief Inspector. Doc. No. 67, pp. 6-7. Instead, plaintiff insists that doing so was proper because his grievances involved Warden Sheets. *Id*.

This Court disagrees. For the reasons stated *supra*, this Court agrees with the Magistrate Judge that plaintiff failed to exhaust his administrative remedies as to Warden Sheets in connection with Counts 3 and 4. Having found that he did not properly grieve Count 4 against Warden Sheets, plaintiff cannot successfully argue that his grievances against non-warden defendant Thornsbury was properly exhausted  Stated differently, plaintiff failed to exhaust his administrative remedies as to Count 4 against defendant Thornsbury when plaintiff chose to bypass the first two procedural steps detailed in Ohio Admin. Code § 5120-9-31(K) and to file his grievance directly with the Chief Inspector. Plaintiff's final objection is overruled.

### The Moving Defendants' Objections

Defendants Warden Sheets and Thornsbury object to the Magistrate Judge's recommendation that their request to dismiss paragraphs 34 and 35 of the *Amended Complaint* be denied. Doc. No. 70. In these paragraphs of the *Amended Complaint*, plaintiff alleges that:

> 34. On January 16, 2009,[2] when Plaintiff Fletcher arrived back at Ross Correctional Institution, he was once again placed in isolation with a level 3 inmate who was recommended to be classified as a level 4 inmate. Plaintiff Fletcher once again protested such placement, but Defendants did not respond. Plaintiff Fletcher

---

[2]Plaintiff filed this action on December 16, 2009. *Complaint*, Doc. No. 1. Other references to the time-frame in the *Amended Complaint* suggest that plaintiff's reference to 2009 in paragraph 34 was in error and that the date should be 2008.

> remained in a neck brace.
>
> 35. On January 16, 2009, while in isolation, Plaintiff Fletcher was refused a mattress for over twelve (12) hours. Additionally, Ross Correctional Institution officials and "John Doe," unknown corrections officer, refused to administer Plaintiff Fletcher's pain medication as was prescribed by the OSU Medical Center. Plaintiff Fletcher did not receive any medication for over 24 hours. Plaintiff Fletcher remained standing or sat and/or laid down on a steel bunk for over 12 hours while suffering excruciating neck pain which was a result of the injuries sustained during the January 4, 2008 assault.

*Amended Complaint*, ¶¶ 34-35. The moving defendants argue that plaintiff has not shown that he has exhausted his administrative remedies as to these paragraphs as against them and the other non-warden defendants. Doc. No. 70, pp. 2-3.

The moving defendants' objection in this regard is without merit. The *Amended Complaint* names four other defendants[3] in addition to the moving defendants and asserts claims based on an alleged failure to provide prescription medication (Count 3) and an unconstitutional custom or policy based on refusal to provide prescription medication (Count 4). *Amended Complaint*, ¶¶ 48-57. As the Magistrate Judge noted, all of the defendants have filed a motion to dismiss, Doc. No. 51, which remains pending. *Report and Recommendation*, pp. 2 n.2, 14 n.7, 15 n.8. Therefore, it is not appropriate to determine whether or not plaintiff exhausted his remedies as to the other defendants when that issue is not presently before this Court and is the subject of a separate pending motion.

---

[3]In addition to Warden Sheets and defendant Thornsbury, plaintiff named the following individuals as defendants: Gordon S. Price, captain at RCI, David Tumbleson, RCI corrections officer, Grady Warren, RCI corrections officer, and Jerry Nichols, RCI corrections officer. *Amended Complaint*, ¶¶ 8-11.

Accordingly, it would be premature to dismiss paragraphs 34 and 35, which implicate the claims against the other defendants. The moving defendants' objection to the Magistrate Judge's recommendation in this regard is therefore without merit.

Having carefully reviewed the record, the *Report and Recommendation* and the parties' objections, the Court agrees with the conclusions of the United States Magistrate Judge. Plaintiff's objections, Doc. No. 59, and defendants' objections, Doc. No. 70, are **DENIED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED.** *Defendants' (Sheets and Thornsberry) Partial Motion to Dismiss Amended Complaint*, Doc. No. 34, is **GRANTED in part and DENIED in part**. Specifically, the motion to dismiss is

1. **GRANTED** as to Counts 3 and 4 as against Warden Sheets and defendant Thornsbury;
2. **DENIED** as to paragraphs 34 and 35 of the *Amended Complaint*;
3. **GRANTED** as to Count 5; and
4. **GRANTED** without prejudice as to the John Doe defendant.

Date: July 28, 2011                    s/James L. Graham
                                       James L. Graham
                                       United States District Judge